FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 16, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARNELL MCGARY, and KRISTIN ELIZABETH MCGARY, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>JAY INSLEE, Governor, State of Washington, SUSAN DRYFUS, Department of Social and Health Service, BOB FERGUSON, Attorney General, JAMES NAGLE, Walla Walla County Prosecutor, JUDSON GRAY, Personal Representative, Estate of McGary,<br><br>Defendants. | NO. 2:24-CV-0135-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

BEFORE THE COURT are Defendant James Nagle's Motion to Dismiss (ECF No. 13) and Defendants Jay Inslee, Bob Ferguson, and Susan Dryfus's Motion to Dismiss (ECF No. 15). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 1

1  fully informed.  For the reasons discussed below, Defendant James Nagle's Motion

2  to Dismiss (ECF No. 13) and Defendants Jay Inslee, Bob Ferguson, and Susan

3  Dryfus's Motion to Dismiss (ECF No. 15) are GRANTED.

## BACKGROUND

This matter arises out of various claims resulting in alleged constitutional violation stemming from Plaintiff's confinement in the custody of Washington State.  Plaintiff, appearing *pro se*, alleges that from some unspecified time until 2016, he was in state custody stemming from a conviction related to an undisclosed sex crime.  ECF No. 1 at 4, ¶ 4.1.  Plaintiff alleges that while he was incarcerated at the Washington State Penitentiary, Walla Walla County and County Prosecutor James Nagle brought and later dismissed two assault charges against him.  ECF No. 1 at 6, ¶ 4.4.  Then, Plaintiff alleges that he was unlawfully confined by Governor Jay Inslee and Attorney General Bob Ferguson at the Washington State Special Commitment Center ("SCC") on McNeil Island based on misapplied law and racial bias.  During that time was exposed to contaminated water which caused him to have a "reaction," which he attributes to the actions of former Department of Social and Health Services Secretary Susan Dryfus.  *Id*. at 4–6, ¶¶ 4.2, 4.3.  He alleges that he was not provided the proper opportunity to be released from confinement at the SCC based on a prior mandate from the Ninth Circuit and alleges that Defendants in this action are collectively using the

mandated notice and registration requirements under the Sex Offender Registry to wreak havoc in his life. *Id*. at 6, ¶ 4.9. Finally, Plaintiff asserts that Judson Chantry Gray, the estates representative for Plaintiff's deceased father, has worked to deprive him of his rightful inheritance. *Id*. at 8, ¶ 5.4.

Plaintiff brings this action against Defendants Inslee, Ferguson, Dryfus, Nagle, and Gray under 42 U.S.C. §§ 1981, 1983, and 1986, in their official and personal capacity. He also alleges violation of RCW 4.16.080, the catch all provision for injury, and RCW 11.48, generally dealing with Washington State Probate and Trust Law. *Id*. at 8, ¶ 5.5.

Defendants Nagle, Inslee, Ferguson, and Dryfus have moved for dismissal for failure to state a claim. ECF Nos. 13 and 15. Plaintiff has responded, opposing both motions. ECF Nos. 16 and 19.

## DISCUSSION

### I. Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." A 12(b)(6) motion will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A motion to dismiss for failure to state a

1 claim "tests the legal sufficiency" of the plaintiff's claims. *Navarro v. Block*, 250
2 F.3d 729, 732 (9th Cir. 2001).  While the plaintiff's "allegations of material fact are
3 taken as true and construed in the light most favorable to the plaintiff" the plaintiff
4 cannot rely on "conclusory allegations of law and unwarranted inferences ... to
5 defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*,
6 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).  That is, the
7 plaintiff must provide "more than labels and conclusions, and a formulaic
8 recitation of the elements." *Twombly*, 550 U.S. at 555.  Instead, a plaintiff must
9 show "factual content that allows the court to draw the reasonable inference that
10 the defendant is liable for the alleged misconduct." *Iqbal*, 556 U.S. 662.  A claim
11 may be dismissed only if "it appears beyond doubt that the plaintiff can prove no
12 set of facts in support of his claim which would entitle him to relief." *Navarro*,
13 250 F.3d at 732.

14 Here, Plaintiff appeared *pro se* and asserts violations of his civil rights.  In
15 considering a 12(b)(6) motion to dismiss for failure to state a claim, the Court must
16 construe his complaint liberally, and "afford [him] the benefit of any doubt." *Byrd*
17 *v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018) (citations omitted).
18 Further "[a] pro se litigant must be given leave to amend his or her complaint
19 unless it is 'absolutely clear that the deficiencies of the complaint could not be
20 cured by amendment.'" *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II. Res Judicata

The doctrine of res judicata is based on the principle that if a matter has been litigated, or could have been litigated, in a former action in a court of competent jurisdiction, then a party should be precluded from bringing the action in a later proceeding. *Marino Prop. Co. v. Port Comm'rs of Port of Seattle*, 97 Wash. 2d 307, 312 (1982) (quoting *Walsh v. Wolff*, 32 Wash.2d 285, 287(1949)). "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). The doctrine applies to bar an action when there is: (1) "identity or privity between parties"; (2) "an identity of claims"; and (3) "a final judgment on the merits." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).

"[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense [of res judicata] has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit but is also based on the avoidance of unnecessary judicial waste." *Arizona v. California*, 530 U.S. 392, 412 (2000), *supplemented*, 531 U.S. 1 (citations omitted). However, the parties should have an

1  opportunity to be heard prior to a court's *sua sponte* dismissal based on res

2  judicata.  *See Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1055 (9th Cir.

3  2005).

4      While the Court finds other grounds by which to dismiss Plaintiff's claims

5  against Defendants Nagle, Inslee, Ferguson, and Dryfus, it nevertheless notes that

6  Plaintiff cites a myriad of prior cases dealing with his commitment or incarceration

7  both in his Complaint and in his responses to Defendants' Respective Motions to

8  Dismiss.  ECF No. 1 at 5, ¶ 4.2, at 7, ¶ 5.3, at 9; ECF No. 16 at 2–4; ECF No. 19 at

9  2–3;  *see McGary v. Wood*, 104 F.3d 365 (9th Cir. 1996); *In re Det. of McGary*,

10  128 Wash. App. 467 (2005); *McGary v. Culpepper*, 322 F. App'x 509 (9th Cir.

11  2009); *In re Det. of McGary*, 175 Wash. App. 328 (2013); *McGary v. Lindquist*,

12  No. C13-5130 RBL-JRC, 2015 WL 791730 (W.D. Wash. Feb. 25, 2015), *aff'd sub*

13  *nom. McGary v. Cunningham*, 728 F. App'x 705 (9th Cir. 2018).  Moreover, in

14  *McGary v. Inslee*, No. 315CV05840RBLDWC, 2018 WL 3742135 (W.D. Wash.

15  Aug. 7, 2018), the Western District of Washington granted defendants Jay Inslee

16  and Susan Dryfus summary judgment related to Plaintiff's "unlawful restraint,"

17  based on his claim that he no longer met the criteria for civil commitment.

18  Relatedly, the Ninth Circuit affirmed dismissal of claims against Governor Inslee

19  in *McGary v. Cunningham*, 728 F. App'x 705, 707 (9th Cir. 2018), as they related

20  to his alleged involvement in constitutional violations during Plaintiff's

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 6

confinement.

In short, Plaintiff has had the opportunity to challenge his confinement based on his classification as a sexual violent predator, at times with some of the same defendants that are currently before this Court. While there are other grounds on which to dismiss these claims, the Court could likely dismiss all allegations stemming from Plaintiff's commitment at the SCC as barred by res judicata.

### III.    42 U.S.C. §§ 1981, 1983, and 1986

Plaintiff alleges violations of 42 U.S.C. §§ 1981, 1983, and 1986 claims against all Defendants. To prove a successful § 1981 claim, a plaintiff must show that he (1) is a member of a protected class; (2) attempted to contract for certain services; (3) was denied the right to contract for those services; and (4) either was deprived of services while similarly situated persons outside the protected class were not, or received services in a markedly hostile manner and in a manner which a reasonable person would find objectively discriminatory. *Lindsey v. SLT L.A.*, LLC, 447 F.3d 1138, 1145 (9th Cir. 2006) (adapting the prima facie elements to claims of racial discrimination in non-employment situations). Next, § 1983 requires a claimant to prove (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632–33 (9th Cir. 1988). Further, a finding of a violation of 42 U.S.C.

§ 1986 must be predicated on a successful 42 U.S.C. § 1985 claim. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). A cause of action exists under § 1985 if a plaintiff can demonstrate that "persons" have conspired to cause deprivations of equal protection, and under § 1986 if those who have knowledge of intended deprivations mentioned in §1985 neglected or refused to prevent the intended deprivation.

## IV. Defendant Nagle

Defendant Nagle was the elected prosecutor in Walla Walla County, and Joseph Golden was an attorney within the prosecutor's office during the relevant time therein. ECF No. 13 at 2. Plaintiff only mentions Defendant Nagle once and does not directly state a claim against him. ECF No. 1 at 6, ¶ 4.4. Construed liberally, the Court understands Plaintiff to be alleging a claim regarding the charges Defendant Nagle brought and then dropped involving Plaintiff and two counts of custodial assault while he was held at the Washington State Penitentiary. *Id*. Plaintiff alleges several times in his Complaint that all Defendants are held liable for the lack of care and supervision that he received while incarcerated, including because the "Walla Walla Prosecutors Office ['s] erroneous dismissal on a plea of not guilty." *Id*. at 7, ¶ 5.2.

First, Plaintiff's claims against Defendant Nagle are barred by prosecutorial immunity. "State prosecutors are absolutely immune from § 1983 actions when

performing functions 'intimately associated with the judicial phase of the criminal process.'" *Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "Functions for which absolute prosecutorial immunity have been granted include the lawyerly functions of organizing and analyzing evidence and law, and then presenting evidence and analysis to the courts and grand juries on behalf of the government; they also include internal decisions and processes that determine how those functions will be carried out." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 913 (9th Cir. 2012). The immunity attaches to the "nature of the function performed, not the identity of the actor who performed it." *Id.* (quoting *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997)). However, only actions within the scope of advocacy, and not those temporally related, are entitled to absolute immunity. *Id.* Thus, some of a prosecutor's actions may be entitled to absolute immunity, while other actions taken in the course of the same investigation may not be entitled to absolute immunity, even if "all of plaintiffs' claims are predicated on the same constitutional violation." *Torres v. Goddard*, 793 F.3d 1046, 1056 (9th Cir. 2015).

Here, Plaintiff's Complaint is slim on allegations surrounding the nature of the case handled by Walla Walla County and Defendant Nagle's involvement, including when the alleged state action took place. However, in accepting Plaintiff's statements as true, it appears that Defendant Nagle and those in his

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 9

office were operating under an advocacy lens when determining whether claims were appropriate to pursue. These are precisely the types of decisions that are vetted through the judicial process, and thus such decisions by Defendant Nagle's office are shrouded in prosecutorial immunity from a § 1983 claim.

Even if Defendant Nagle was not absolutely immune from suit, Plaintiff's claims against him is still barred by the relevant statutes of limitation. Section 1981 is governed by a four-year statute of limitations. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383–85 (2004) (extending the four-year statute of limitation imposed by 28 U.S.C. § 1658 to § 1981). Section 1983 does not have its own statute of limitation, and thus federal courts will apply the forum state's limitation period for tort actions. *Action Apartment Ass'n v. Santa Monica Rent Control Bd*., 509 F.3d 1020, 1026 (9th Cir. 2007); *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Under Washington law, this period is three years. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002) (citing RCW 4.16.080(2)). However, federal law determines when a § 1983 statute of limitations accrue. *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). The Ninth Circuit has held that the statute of limitations begins to run when the plaintiff, "knows or has reason to know of the injury that forms the basis of the claim." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001); *Elliott,* 25 F.3d at 802. Further, § 1986 contains its own one-year statute of limitation.

Once again, Plaintiff's Complaint is deficient in details, but does point the Court to *McGary v. Wood*, 104 F.3d 365 (9th Cir. 1996) for "history." The Court may take notice of documents incorporated by reference in a complaint without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). The Court notes that *McGary v. Wood* was decided in 1996, well outside any statute of limitation period. Even a very generous reading of the Complaint would place all of Plaintiff's claims outside of any permissible timeframe, as the document states he has not been incarcerated since 2016. ECF No. 1 at 1.

As such, no amendment to Plaintiff's Complaint could cure the defects as his claims against Defendant Nagle are both time barred and barred by prosecutorial immunity, and are dismissed.

V.    **Defendants Inslee, Ferguson, and Dryfus**

Similarly, all claims against Defendants Inslee, Ferguson, and Dryfus are dismissed as they are improper defendants. A federal court is precluded from hearing §§ 1981, 1983, or 1985 claims by citizens against a state or state actors in their official capacity under the Eleventh Amendment's grant of sovereign immunity. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (holding neither a State nor its officials acting in their official capacities are "persons" under § 1983); *Braunstein v. Arizona Dep't of Transp.*, 683 F.3d 1177,

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 11

1188 (9th Cir. 2012); *Maldonado v. Harris*, 370, F.3d 945, 951 (9th Cir. 2004); *Mitchell v. Los Angeles Cmty. Coll. Dist.,* 861 F.2d 198, 201 (9th Cir. 1988); *Sykes v. State of Cal. (Dep't of Motor Vehicles*), 497 F.2d 197, 201 (9th Cir. 1974). As the Complaint states, this suit is brought against each of the Defendants in their official capacity, which is impermissible under the Eleventh Amendment. ECF No. 1 at 6, ¶ 9. Further, even if Plaintiff had stated a valid claim against Defendants in their individual capacity, all causes of actions stemming from his time in state custody suffer under the same incurable statute of limitation issue that befell claims against Defendant Nagle, because the latest date he states he was last incarcerated was 2016.

Plaintiff also contends that a recent settlement of a "water treatment suit," has now caused his claim of drinking contaminated water while confined on McNeil Island to ripen. ECF No. 1 at 4, ¶ 4.1. Plaintiff has not included the specific lawsuit settlement he is referring to, and the Court will not speculate. However, the assertion that the settlement of one lawsuit ripens another for adjudication is an incorrect statement of the doctrine. Article III of the United States Constitution limits federal courts' jurisdiction to only actual, ongoing cases or controversies. *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477 (1990). "The ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Nat'l Park*

*Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003).  Whether an issue is ripe is a threshold question that is designed to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements."  *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (citation omitted).  Ripeness can be analyzed similarly to standing, whereby a Court determines "whether the litigant has asserted an injury that is real and concrete rather than speculative and hypothetical."  *Id*. at 1138–39.  The key question for either ripeness or standing is whether the injury is too "imaginary" to support jurisdiction.  *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 302 (1979); *see also Addington v. U.S. Airline Pilots Ass'n*, 606 F.3d 1174, 1179 (9th Cir. 2010) (internal citation omitted) ("A question is fit for decision when it can be decided without considering 'contingent future events that may or may not occur as anticipated, or indeed may not occur at all.'").

Plaintiff does not include dates indicating the timeframe he was confined to McNeil Island.  However, based on the contents of the Complaint, the latest Plaintiff could have been injured by exposure to the contaminated water was likely in 2016.  ECF No. 1 at 1.  Moreover, as evidenced by Plaintiff's allusion to another settled lawsuit, Plaintiff gained standing to sue, and therefore the claim was ripe, upon being unable to access uncontaminated water while committed on McNeil Island.  Thus, this claim filed nearly eight years later is outside the relevant

1   timeframe under 42 U.S.C. § 1983 and did not ripen upon the settlement of a
2   different lawsuit.
3       Finally, to the extent that Plaintiff is challenging the alleged terms of his
4   required compliance with the Sex Offender Registration and Notification Act
5   ("SORNA") or that SORNA is being used as a tool in a conspiracy against him,
6   this claim is similarly untenable.  ECF No. 1 at 8, ¶ 5.5 and 9.  Again, Defendants
7   Inslee and Ferguson may not be sued in their official capacities for deprivation of
8   constitutional rights under the Eleventh Amendment.  And even if they could be,
9   neither lack of notice nor the requirement that individuals continue to comply with
10  registration under SORNA violate that individual's due process rights.
11  *Washington v. Glucksberg*, 521 U.S. 702, 727 (1997) (concluding that persons who
12  have been convicted of serious sex offenses do not have a fundamental right to be
13  free from the registration and notification requirements).
14      As such, the Court will likewise not grant amendment of claims against
15  these defendants, as it would be futile.
16  //
17  //
18  //
19  //
20  //

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 14

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant James Nagle's Motion to Dismiss (ECF No. 13) is **GRANTED**.

2. Defendants Jay Inslee, Bob Ferguson, and Susan Dryfus's Motion to Dismiss (ECF No. 15) is **GRANTED**.

3. Plaintiff's Motion for Default Judgment as to Judson Gray, ECF No. 21, is **DENIED**. Plaintiff has not shown proper and timely service.

4. Defendants are **DISMISSED with prejudice** and the file is **CLOSED**.

The District Court Executive is directed to enter this Order and Judgment accordingly, terminate the parties, furnish copies to counsel and Plaintiff at:

Darnell McGary
10350 N Vancouver Way
Portland, OR 97217

DATED October 16, 2024.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 15